David E. De Lorenzi [DED-2692]
Michael Cukor [MC-0753]
Sheila F. McShane [SFM-6051]
Robert M. Fuhrer (*admitted pro hac vice*)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102
973-596-4500
Attorneys for Plaintiff
Newspring Industrial Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWSPRING INDUSTRIAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GROUP W INC., THE WALCO ORGANIZATION, INC., LAWRENCE E. WALTER and DANIEL D. ZABO,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 06-343 (JAG) (MCA)<br><br>**CONSENT JUDGMENT** |

**WHEREAS**, Newspring is the owner by assignment of all rights, title and interest in U.S. Patent No. D415,420 ("**the `420 Patent**"), a copy of which is attached hereto as Exhibit A, which duly and lawfully issued from the United States Patent and Trademark Office on October 19, 1999; and

**WHEREAS**, Newspring is the owner by assignment of all rights, title and interest in U.S. Patent No. 6,196,404 B1 ("**the '404 Patent**"), a copy of which is attached hereto as Exhibit B, which duly and lawfully issued from the United States Patent and Trademark Office on May 6, 2001; and

**WHEREAS**, Newspring has asserted certain breach of contract, false advertising, patent infringement, trade dress infringement and related claims against defendants Group W Inc., The Walco Organization, Inc., Lawrence E. Walter and Daniel D. Zabo, (collectively, "**Group W**") in and in connection with the above-captioned action (the **"Litigation"**); and

**WHEREAS**, Newspring and Group W have resolved, consented and agreed to resolve all claims between them in and in connection with the Litigation;

**IT IS** on this 24th day of March 2006

**ORDERED** that **FINAL JUDGMENT** is hereby entered in favor of Newspring and against Group W, jointly and severally, as follows:

1. Without admitting willfulness or prior knowledge, Group W hereby expressly and unconditionally: (a) acknowledges in all respects the validity and enforceability of each of the claims of the '420 Patent and the '404 Patent; and (b) agrees not to challenge or to assist others in challenging the validity and/or enforceability of any claim in the '420 Patent and/or the '404 Patent.

2. Without admitting willfulness or prior knowledge, Group W hereby expressly and unconditionally: (a) acknowledges in all respects that each of the accused infringing products depicted on Exhibit C hereto (the "accused infringing products") infringe, literally and/or by equivalents, one or more claims of the '420 Patent and/or the '404 Patent; and (b) agrees not to challenge or to assist others in challenging Newspring's position that the accused infringing products infringe the '420 Patent and/or the '404 Patent.

3. Specifically with respect to Paragraph Nos. 1 and 2 above, but without limitation, Group W agrees that upon signing this Consent Judgment, it shall not (i)

assist others in preparing or prosecuting defenses or affirmative claims against Newspring, (ii) discuss the Litigation with others, (iii) execute affidavits on behalf of others; (iv) provide financial assistance to others for the purposes of legal fees or costs; or (v) provide others with testimony or documents unless required to do so by subpoena or court order, with simultaneous notice to Newspring's below counsel.

4. Group W hereby expressly and unconditionally acknowledges that: (a) the combination of: i) the model numbers associated with Newspring's plastic food containers (specifically "718", "723", "729", "838", "868" and "888"), ii) Newspring's 150/150 packaging of its VERSAtainer plastic food containers, and iii) the other elements of its VERSAtainer appearance (e.g., black and white colors) (collectively the "Newspring Trade Dress"), is unique and carries secondary meaning in the plastic food container industry; and (b) based upon Group W's first hand-experience, that retailers, wholesalers, distributors and ultimate customers in the plastic food container industry have come to associate products bearing the combination of the above features comprising the Newspring Trade Dress with Newspring.

## Permanent Injunction

5. Group W (including its individual principals, agents, directors, officers, employees, shareholders, representatives, servants, subsidiaries, divisions, successors, predecessors, parents, assignees, or any other affiliated entities, and all persons in active concert, privity, or participation with each of the foregoing), is hereby permanently enjoined from (i) manufacturing, using, selling, or attempting to sell, purchasing, importing, distributing, brokering, marketing, promoting, storing, shipping, receiving or maintaining in its possession: (a) the accused infringing products; (b) any other products that infringe the '420 Patent, and/or the '404 Patent; (c) any products that

constitute an unauthorized imitation of Newspring container products, which have all of the elements of Newspring's Trade Dress; (d) any products that are marked or packaged in any way using Newspring's model numbers "718", "723", "729", "838", "868" and "888" or any substantially similar variation thereof; and (ii) directly or indirectly, utilizing in any way or disclosing to any extent any Newspring confidential information, trade secrets, confidential customer information, marketing strategies, confidential pricing information, confidential technical data, know-how and other confidential business practices relating to Newspring's products to the extent that such item(s) is/are currently in the possession of Group W. Group W shall forthwith distribute to all of its sales personnel a copy of this Consent Judgment.

## Mutual Non-Disparagement

6. All parties (including their individual principals, agents, directors, officers, employees, shareholders, representatives, servants, companies, corporations, limited liability corporations, ventures, partnerships, subsidiaries, divisions, successors, predecessors, parents, assignees, or any other affiliated persons or entities), and all persons in active concert, privity, or participation with each of the foregoing), are hereby permanently enjoined from making publicly any defamatory or untruthful statements regarding any other party, and their products, principals, operations or services.

## Destruction of Accused Infringing Products

7. Group W shall forthwith destroy or return to Newspring all accused infringing goods remaining in its possession. In the event of the former, Group W shall forthwith provide to Newspring's counsel an affidavit executed under oath that all such accused infringing goods, if any, in its possession, custody and control were in fact destroyed.

8.   Group W hereby represents and warrants that it has provided to Newspring's counsel in this action a copy or a redacted version of all documents including sales receipts, invoices, purchase orders, emails, shipping documents, bills of lading, customs documents, manufacturing documents, purchasing and receipt documents relating to the accused infringing products or any other documents relating to Group W's purchase, sale or receipt of the accused infringing products as found in a reasonable search. Any redactions as provided above shall be limited to information not relevant to this Consent Judgment. Furthermore, for the purposes of either enforcing this Consent Judgment, upon reasonable written notice to Group W's counsel, Group W agrees to provide Newspring with any other documents or any other information in its possession, custody or control reasonably requested by Newspring that relate to that action. The foregoing shall specifically include, without limitation, all documents regarding In Reach Products LLC in the possession, custody or control of Group W and/or its attorneys, Steven Mitchell Sack and/or Steven Stern.

9.   Group W has provided to Newspring the Affidavit of Lawrence E. Walter. In the event it is later determined by a Court that any material statement made in the Affidavit is false, Newspring, without limitation to any remedy provided herein, shall have the right to vacate this Consent Judgment and proceed against Group W in this action or elsewhere with all of Newspring's rights and claims preserved.

10.   This Consent Judgment shall be binding upon and shall inure to the benefit of the parties hereto, and their respective heirs, executors, legal representatives, successors and assigns.

11.   In consideration of the promises and terms stated herein, and by executing this Consent Judgment, Group W and its individual principals, agents, directors,

officers, employees, shareholders, representatives, subsidiaries, divisions, successors, predecessors, parents, licensees, or assignees, hereby agree that they, individually or collectively, shall be subject to the personal jurisdiction of the United States District Court for the District of New Jersey for the purpose of entering into this Consent Judgment, and further agree that the United States District Court for the District of New Jersey shall have subject matter and personal jurisdiction to enforce Newspring's rights under this Consent Judgment. Group W agrees that any material breach of this Consent Judgment by Group W will cause or will create a substantial likelihood of causing to Newspring irreparable harm which cannot be adequately compensated or otherwise adequately addressed by an award of money damages.

12. Without limitation and notwithstanding any legal or equitable remedies available under any law or any other paragraph(s) of this Consent Judgment, all parties agree that should the Court determine that the non-prevailing party breached any portion of this Consent Judgment, the non-prevailing party shall pay to the prevailing party all reasonable attorneys fees and costs incurred by the prevailing party in connection with the action. All defendants, if this provision is imposed upon them, shall be jointly and severally liable for such attorneys' fees and costs, except that if Daniel D. Zabo's employment with Group W Inc. is terminated, and he then acts in an individual or corporate capacity to breach this Consent Judgment, then Group W Inc., The Walco Organization, Inc., Lawrence E. Walter shall not be jointly and severally liable for that breach.

13. All Defendants acknowledge service of the Complaint and Summons in this action upon Group W Inc., The Walco Organization, Inc., Lawrence E. Walter and Daniel D. Zabo.

I hereby agree to the
form and entry of the
above Consent Judgment.

NEWSPRING INDUSTRIAL CORP.

By: _____
Name: COREY CHEN
Title:
Date: March ___, 2006

GROUP W INC.

By: *[signature]*
Name: Lawrence E. Walter
Title: President
Date: March 24, 2006

THE WALCO ORGANIZATION, INC.

By: *[signature]*
Name: Lawrence E. Walter
Title: Chief Executive Officer
Date: March 24, 2006

LAWRENCE E. WALTER

By: *[signature]*
Name: Lawrence E. Walter
Date: March 24, 2006

DANIEL D. ZABO

By: *[signature]*
Name: Daniel D. Zabo
Date: March 24, 2006

SO ORDERED:

*[signature]*
JOSEPH A. GREENAWAY, JR., U.S.D.J.
4-20-06

-7-

I hereby agree to the
form and entry of the
above Consent Judgment.

**NEWSPRING INDUSTRIAL CORP.**

By: _____
Name: COREY CHEN
Title:
Date: March 31, 2006

**GROUP W INC**

By: _____
Name:
Title:
Date: March ___, 2006

**THE WALCO ORGANIZATION, INC.**

By: _____
Name:
Date: March ___, 2006

**LAWRENCE E. WALTER**

By: _____
Name:
Date: March ___, 2006

**DANIEL D. ZABO**

By: _____
Name:
Date: March ___, 2006

SO ORDERED: _____
JOSEPH A. GREENAWAY, JR., U.S.D.J.
4-20-06

-7-